UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 17-4884-JAK (PLA)**             Date: **September 17, 2021**

Title: **Randee D. Williams, Jr. v. M. Conkle, et al.**

---

PRESENT: THE HONORABLE    **PAUL L. ABRAMS**
                                           **UNITED STATES MAGISTRATE JUDGE**

| **Christianna Howard** | **N/A** | **N/A** |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**        **ATTORNEYS PRESENT FOR DEFENDANT(S):**
                  NONE                                                       NONE

**PROCEEDINGS:  (IN CHAMBERS)   Order to Show Cause**

On June 4, 2019, in response to a motion filed by plaintiff in which he sought to compel Salinas Valley State Prison ("SVSP") to send him his legal property at the California Health Care Facility in Stockton, California (where he had been transferred for treatment of mental health issues), the Court requested defendants' counsel to "contact the litigation coordinator at Salinas Valley State Prison and determine if, at a minimum, plaintiff's legal materials can be forwarded to him, and to then report to the Court."  (ECF No. 96).

On June 18, 2019, defendants' counsel submitted a Declaration ("Epstein Decl." (ECF No. 99)), explaining that on June 13, 2019, he personally served plaintiff with correspondence that "provided instructions to plaintiff on how to obtain his 'legal materials' from Salinas Valley State Prison, where plaintiff was previously housed." (Epstein Decl. ¶ 2).  In that correspondence, counsel informed plaintiff that in order to obtain his legal materials from SVSP, he would need to complete the attached CDCR Form 22 and mail it to SVSP at the address provided by counsel.  (Id. & Ex. A).  He also explained that plaintiff could obtain CDCR Form 22 from the staff at CHCF. (Id.).

On September 23, 2019, the Court granted plaintiff's Request to Stay Proceedings based on plaintiff's representation that after his transfer from SVSP to the CHCF in Stockton, California, he did not have access to the law library or his legal materials.  Since that time, plaintiff has submitted a monthly status report to the Court, reaffirming in each, including in his most recent report filed on September 10, 2021, that he is still receiving mental health treatment at CHCF and "still does not have access to the law library nor any access to legal material." (ECF No. 163; see also ECF Nos. 123, 125, 127, 129, 131, 133, 135, 137, 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 159, 161).

The Court notes that it has been more than *two years* since defendants' counsel provided plaintiff with information on how to obtain his legal materials from SVSP.  Yet, there is no evidence before the Court that at any point during that time plaintiff sought to obtain his legal materials from SVSP using CDCR Form 22, or that if he did make such a request, it was denied.  Neither is there any indication that plaintiff has requested law library access at CHCF and that his request for such access was denied.

In light of the foregoing, plaintiff is ordered to show cause why the stay in this action should not be lifted.

Specifically, **no later than October 18, 2021**, plaintiff must submit to the Court the following: a response making clear his arguments, if any, as to why the stay should not be lifted based on plaintiff's lack of diligence -- since June 2019 -- in requesting his legal documents from SVSP and/or failure to request law library access at CHCF.

All facts relied on by plaintiff must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, and/or in properly authenticated documents (including, but not limited to, copies of CDCR Form 22 request(s) submitted by plaintiff to SVSP and SVSP's response(s) to the request(s); and copies of request(s) for law library access at CHCF). Timely filing of the required declaration and supporting documents with this Court shall be deemed compliance with this Order to Show Cause. **Failure to respond by October 18, 2021**, will result in the stay being lifted in this action.

IT IS SO ORDERED.


cc:     Randee D. Williams, Jr., pro se
        Paul Curtis Epstein, CAAG

Initials of Deputy Clerk _____ch_____