UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: **CV 17-4884-JAK (PLA)**                                                    Date: **October 18, 2021**

Title:   **Randee D. Williams, Jr. v. M. Conkle, et al.**

---

PRESENT:  THE HONORABLE     **PAUL L. ABRAMS**
                                                   UNITED STATES MAGISTRATE JUDGE

| **Christianna Howard** | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF(S):                                    ATTORNEYS PRESENT FOR DEFENDANT(S):
                    NONE                                                                                                        NONE

**PROCEEDINGS:  (IN CHAMBERS)   RE:  Order to Show Cause (ECF No. 165)**

On October 8, 2021, plaintiff constructively filed a response ("Response"), along with exhibits and his declaration, to the Court's September 17, 2021, Order to Show Cause why the stay in this action should not be lifted based on plaintiff's "lack of diligence -- since June 2019 -- in requesting his legal documents from [Salinas Valley State Prison] and/or failure to request law library access" at California Health Care Facility.  (ECF No. 165).

In his Response, plaintiff states that he would "like to first let the court[] know that plaintiff has received his legal material from [Salinas Valley State Prison] about 18 months ago." (Response at 1).  He then asserts that the problem is that he has "not received that legal material from the institution (CHCF) because plaintiff is dealing with severe mental health issues and plaintiff is constantly on suicide watch for self harm behavior and suicidal statements." (Id. at 1-2).  He states that he is "currently on suicide watch" at CHCF as reflected in his attached documents, and, therefore, "does not have access to his legal material" or the law library.  (Id. at 2 & Ex. A).  In his Declaration, plaintiff notes that when he is on suicide watch, he "cannot have anything" in his cell. (Response Ex. C (Williams Decl. )).  He also explains that the only reason he was "able to write this [Response] is because [he] asked [his] doctor for permission, to write the court every time [he gets] a court order." (Id.). He requests that the Court continue to stay the action until he is off suicide watch.  (Id.).

Exhibit A to the Response -- an "Adaptive Support Form (CDCR 128 C-2)" -- indicates only that plaintiff is being monitored for "Self harm behavior & suicidal statements," and that the monitoring started on October 8, 2021, and ended 24-hours later, on October 9, 2021.

Accordingly, while the evidence reflects that plaintiff's mental health was being monitored on the date he signed his Response, there is *no* evidence that plaintiff is or has been -- "constantly" or even regularly -- on suicide watch since June 2019.

In light of the foregoing, the Court declines to discharge the September 17, 2021, Order to Show Cause. Instead, the Court extends the deadline for plaintiff to provide additional evidence showing why the stay should not be lifted.

Specifically, **no later than November 1, 2021**, plaintiff must submit to the Court the following: (1) a further response making clear his arguments, if any, as to why the stay should not be lifted at this time; and (2) evidence supporting his claim that he is on constant suicide watch and has been since June 2019.

All facts relied on by plaintiff to support his claim that since June 2019 he has not had access to his legal materials or to the law library must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, and in properly authenticated documents, including, but not limited to the following: (1) all CDCR forms 128 C-2 relating to plaintiff's mental health monitoring between June 2019 and the present; (2) any other CDCR or facility documents reflecting that plaintiff has been constantly (or even regularly) monitored because of his self-harm behavior and suicidal statements (or for any other reason) since June 2019; (3) evidence that he is *currently* being monitored because of his self-harm behavior and suicidal statements (or for any other reason) for an **extended and ongoing period of time**; and (4) any other evidence reflecting that plaintiff has not had access to his legal materials and the law library from June 2019 to the present, and any efforts he has made to access his legal materials and the law library.

IT IS SO ORDERED.


cc:     Randee D. Williams, Jr., pro se
        Paul Curtis Epstein, CAAG

Initials of Deputy Clerk ___ch___